IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>   vs.<br><br>TECUMSEH WOLF,<br><br>            Defendant. | 8:12CR26<br><br>ORDER |

     This matter is before the court following the court's hearing on March 28, 2013, on the defendant Tecumseh Wolf's (Wolf) Motion to Determine Competency (Filing No. 31). First Assistant Federal Public Defender Shannon P. O'Connor represented Wolf. Assistant United States Attorney Michael P. Norris represented the United States. The court took judicial notice of the forensic evaluation conducted on January 22, 2013 (Filing No. 45 - Forensic Evaluation). Neither party had any additional evidence to present.

## BACKGROUND

     On January 19, 2012, Wolf was indicted for knowingly attempting to and engaging in a sexual act with a juvenile Indian male who had not obtained the age of twelve years. **See** Filing No. 1. On May 26, 2012, Wolf filed a Motion to Determine Competency. **See** Filing No. 31 - Motion. Wolf's counsel noted "[t]here is reasonable cause to believe that the defendant may be suffering from a mental defect rendering him mentally incompetent to stand trial because he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." *Id.* Wolf's psychologist concluded that Wolf "is mildly mentally retarded and based on his low level of intellectual functioning, is incompetent to stand trial." *Id.*

     On May 24, 2012, the court held a hearing on Wolf's motion. Wolf supported his motion with a May 8, 2012, forensic psychological evaluation conducted by Kirk A. B. Newring, Ph.D. (Dr. Newring) (Exhibit 101). Following the hearing, the court entered an order providing the government the opportunity to select a local psychologist and/or psychiatrist to conduct a forensic evaluation of Wolf to determine Wolf's competency to

stand trial in accordance with 18 U.S.C. § 4241.  **See** [Filing No. 38](#) - May 24, 2013, Order.  The government forwent the evaluation and the court held a competency hearing on June 19, 2012.  During the June 19, 2012, hearing, the parties stipulated the court receive and consider Dr. Newring's forensic evaluation.  The parties did not present additional evidence.  Dr. Newring opined: ". . . Wolf lacks the mental capacity to effectively cooperate with his counsel, to rationally assist in his own defense, and to have the capacity to comprehend the legal proceedings to which he is a party."  **See** [Filing No. 42](#) - June 19, 2012, Order (*citing* Exhibit 101 - p. 13).

The court found "by a preponderance of the evidence that Wolf is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  *Id.*  The court committed Wolf to the custody of the Attorney General to hospitalize Wolf pursuant to 18 U.S.C. § 4241 "for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is substantial probability that in the foreseeable future he will attain the capacity to permit these proceedings to go forward."  *Id.*  On July 13, 2012, the court entered an order requiring Wolf to surrender to the United States Marshal for transportation to a treatment facility the Bureau of Prisons designated.  **See** [Filing No. 43](#) - July 13, 2012, Order.

On February 26, 2013, Craig Apker, Complex Warden at Federal Correctional Complex Butner (Warden Apker), informed the court of the results of Wolf's forensic evaluation conducted on January 22, 2013.  **See** [Filing No. 45](#) - Forensic Evaluation.  Warden Apker noted:

> In the opinion of [Wolf's] evaluators, Mr. Wolf is suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings filed against him or assist properly in his own defense, nor is there a substantial probability that his competency will be restored in the foreseeable future.

*Id.*

2

## ANALYSIS

Under 18 U.S.C. § 4241, "[i]f, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit proceedings to go forward, the defendant is subject to the provisions of sections 4246 and 4248."  18 U.S.C. § 4241.  The court finds there is not a substantial probability that Wolf will attain the capacity to permit these proceedings to go forward in the foreseeable future.  See Filing No. 45 - Forensic Evaluation p. 18.  Under 18 U.S.C. § 4246(b), this court may order an examination of Wolf pursuant to 18 U.S.C. § 4247(b) and (c) to determine whether Wolf "is suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another[.]"  Therefore, pursuant to 18 U.S.C. § 4246(b):

**IT IS ORDERED** the defendant, Tecumseh Wolf, is committed to the custody of the Attorney General who shall place the defendant in a suitable facility for such a reasonable period of time, not to exceed forty-five days, as is necessary to determine whether Wolf is suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another.

Dated this 28th day of March, 2013.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge